**PILEDRIVERS' LOCAL UNION
NO. 2375, Plaintiff,**

v.

**William French SMITH, U. S. Attorney
General, et al., Defendants.**

**No. CV 82–0786–AAH(Mcx).**

United States District Court,
C. D. California.

June 8, 1982.

John T. De Carlo, Los Angeles, Cal., for plaintiff.

Stephen S. Trott, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civ. Div., Carolyn M. Reynolds by Ian Fan, Asst. U. S. Attys., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, Chief Judge.

This Court, after having considered the papers filed herein, as well as the argument, finds and concludes as follows:

### FINDINGS OF FACT

1. Plaintiff is an unincorporated association and labor organization.

2. Defendants are federal officials charged with the responsibility of administering the Immigration & Naturalization Act, as amended.

3. Heerema Marine Contractors, S.A., is a corporation organized and existing under

the laws of Switzerland, and owned by non-United States citizens.

4. Heerema Marine Contractors, S.A., is engaged in world-wide offshore installation of drilling and production platforms for oil and gas, utilizing heavy lift crane vessels. It is a service contractor installing equipment and materials owned and provided by its customers.

5. Heerema Marine Contractors, S.A., charters a fleet of heavy lift crane vessels, one of which is the self-propelled derrick ship Challenger I. This vessel is Liberian flag, and is owned by Arun Shipping Co., Ltd., of Monrovia, Liberia. The vessel is under long-term charter to Heerema Marine Contractors, S.A. The Challenger I is crewed by Dutch officers and Spanish seamen.

6. Heerema Marine Contractors, S.A., was employed by Texaco, Inc., to install Texaco's drilling and production platform "habitat" in the Santa Barbara Channel on the United States outer continental shelf offshore California. Using the derrick ship Challenger I, Heerema Marine Contractors, S.A., in October 1981, positioned and secured the platform structure to the seabed and installed a drilling rig to the platform. Crewmen for the Challenger I were flown from Europe to Los Angeles and directly transported offshore to the Challenger I. These crewmen landed in the United States and immediately departed under seamen's transit visas.

7. Heerema Marine Contractors, S.A., similarly has sub-contracted with Raymond International to install Chevron Oil Company's drilling and production platform "Edith" in the Santa Barbara Channel offshore California on the United States outer continental shelf. This project will also utilize the derrick ship Challenger I and is currently scheduled to commence on December 1, 1982.

8. By memorandum dated September 21, 1979, the Department of Justice concluded in a legal opinion that the Immigration & Nationality Act did not apply to the outer Continental shelf.

9. This action was filed on February 17, 1982.

10. To the extent that any of the foregoing findings of fact are deemed to be conclusions of law, they are incorporated into the conclusions of law.

## CONCLUSIONS OF LAW

1. This Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1361. In order to establish such jurisdiction, the plaintiff must have a clear right to the relief sought, the defendant must have a clear duty to act, and there must be no other adequate remedy available. *Sheehan v. Army & Air Force Exchange Service*, 619 F.2d 1132, 1140–1141 (5th Cir. 1980), *cert. granted*, —— U.S. ——, 102 S.Ct. 88, 70 L.Ed.2d 81 (1981). In this case, defendants have no clear duty to act. Given the 1978 amendment to the Outer Continental Shelf Lands Act ("Act"), which added, *inter alia*, manning requirements to the outer Continental Shelf ("OCS"), it is not clear that defendants must enforce the labor certification sections of the INA, 8 U.S.C. § 1182(a)(14). In addition, the Department of Justice has found that the INA does not apply to the OCS, and regulations promulgated by the Immigration & Naturalization Service ("INS"), as well as by the State Department, reflect this interpretation. Thus, it cannot be said that defendants have a clear duty, *i.e.*, a duty "so plainly prescribed as to be free from doubt," *Jarrett v. Resor*, 426 F.2d 213, 216 (9th Cir. 1970), to enforce the INA, and this Court therefore lacks jurisdiction under 28 U.S.C. § 1361.

2. Nor is this action ripe for judicial review. Heerema Marine Contractors, S. A., is not doing any work on the OCS at this time, and thus there is no case or controversy between the parties, as required by Article III of the Constitution.

3. Finally, this Court finds that, as a matter of law, the INA does not apply to the OCS. This conclusion is impelled by the 1978 amendment to the Act which added the OCS manning requirements. *See* 43

U.S.C. § 1356(a)(3). That section requires that vessels, rigs, platforms, etc., operating on the OCS be manned or crewed by United States citizens or permanent residents, except if national registry requirements or existing contracts prohibited this, if there were insufficient workers in the United States, if the President waived this requirement, or if the vessel, rig, platform, etc., was foreign owned or controlled. That 1978 amendment, 43 U.S.C. § 1356(a)(3), is similar in purpose to the labor certification section of the INA, 8 U.S.C. § 1182(a)(14). However, the two statutes cannot be construed together, because both seek to legislate the same general area. Thus, using principles of statutory construction, the newer provision controls. In other words, 43 U.S.C. § 1356(a)(3) takes precedence over 8 U.S.C. § 1182(a)(14), and accordingly the INA does not apply to the OCS. In addition, Heerema is exempt from the manning requirements of 43 U.S.C. § 1356(a)(3) because Heerema is foreign owned, and in turn controls the vessel in question.

4. In any event, no violation of the INA occurred. The derrick ship Challenger I was crewed by seamen who traveled under seamen's transit visas. *See* 8 U.S.C. § 1101(a)(15)(D).

5. To the extent that any of the foregoing conclusions of law are deemed to be findings of fact, they are incorporated into the findings of fact.